# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SWVA, INC.,**
**Employer Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0468** (BOR Appeal No. 2053782)
(Claim No. 2017028846)

**DANNY J. FISCHER,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Counsel Steven K. Wellman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Danny J. Fischer, by Counsel Edwin H. Pancake, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 10, 2017. The Office of Judges reversed the decision in its December 18, 2018, Order and held the claim compensable for right knee sprain and meniscus tear. The Order was affirmed by the Board of Review on April 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fischer, a production worker, injured his right knee in the course of his employment on June 5, 2017. Treatment notes from St. Mary's Hospital dated June 6, 2017, indicate Mr. Fischer was seen for right knee pain and swelling. He reported to the intake nurse that he stepped on to a bundle at work and his right knee gave out. Mr. Fischer was treated by Charles McKinney, PA-C, who noted that Mr. Fischer was standing on a bundle at work, and when he stepped down, his right knee popped and gave out. An x-ray was performed and showed mild degenerative changes. Mr. McKinney diagnosed right knee sprain.

1

The Employees' and Physicians' Report of Injury was completed on June 6, 2017, and indicates Mr. Fischer injured his right knee while stepping up on a bundle of steel to remove timbers. The diagnosis was listed as right knee sprain. Mr. Fischer treated with Jack Steel, M.D., on June 7, 2017, for knee pain. He stated that while at work, his knee gave out when he stepped up from a bundle of steel. He had not experienced that sensation before or since the injury. Dr. Steel reviewed the x-ray and diagnosed complex tear of the lateral meniscus.

On August 7, 2017, Bill Hennessey, M.D., performed a medical record review in which he opined that the right knee x-ray showed mild degenerative changes with no post-traumatic findings. Dr. Hennessey found that there was no direct trauma to the knee. He reviewed Dr. Steel's report and determined that while he diagnosed meniscus tear, an MRI was not performed to confirm the diagnosis. Dr. Hennessey concluded that there was no injury because taking a step is an activity of daily living and not specific to Mr. Fischer's employment duties. He stated that there was no definitive diagnosis since an MRI was not performed, but the medical history was not suggestive of a meniscus tear.

Mr. Fischer testified in an August 2, 2018, deposition that when he was injured, he was stepping up onto a bundle of steel. Each bundle is about eighteen inches high with a 4x4 timber on top. Mr. Fischer stated that the surface he stepped onto was uneven. He testified that an MRI was performed outside of the claim and confirmed Dr. Steel's diagnosis of right knee meniscus tear. Matthew Euskolitz testified in a deposition on September 20, 2018, that he is Mr. Fischer's foreman. He stated that the job Mr. Fischer was performing required stepping up on bundles of steel to unhook timbers. He stated that the step up was eighteen to twenty-four inches high.

The claims administrator rejected the claim on August 10, 2017. The Office of Judges reversed the decision and held the claim compensable for right knee sprain and meniscus tear in its December 18, 2018, Order. It found that the employer argued Mr. Fischer was inconsistent regarding the mechanism of injury. He reported that he was stepping onto a bundle of steel when his knee popped. One of the hospital injury forms stated that he was stepping down from the bundle when he was injured. The Office of Judges noted that Mr. Fischer stated in his Report of Injury and deposition that he was stepping onto the bundle when his knee popped. The Office of Judges concluded that the minor inconsistency between stepping onto or down from the bundle of steel was likely a recording error since the majority of the evidence indicates Mr. Fischer was stepping onto the bundle of steel. The Office of Judges also concluded that Mr. Fischer was not taking a regular step when he was injured. The step was eighteen inches high, and he was standing three feet in the air.

The Office of Judges noted that Dr. Steel, an orthopedist, opined that Mr. Fischer suffered a lateral meniscus tear as a result of the compensable injury. He requested an MRI to confirm the diagnosis, but the diagnostic imaging was denied because the claim was rejected. Mr. Fischer testified that he underwent an MRI on August 2, 2018, paid for outside of the claim, and the MRI confirmed Dr. Steel's diagnosis. The Office of Judges found that Mr. Fischer had no preexisting right knee conditions other than mild degenerative changes.

The Office of Judges determined that the report of Dr. Hennessey was unreliable since it was completed prior to the depositions of Mr. Fischer and Mr. Euskolitz, both of whom testified that the step Mr. Fischer had to take was not an ordinary step. The Office of Judges also determined that Dr. Steel's opinion was the most reliable of record. Dr. Steel is an orthopedic surgeon who correctly diagnosed Mr. Fischer before an MRI was performed. The MRI confirmed his diagnosis of meniscus tear. The Office of Judges therefore held the claim compensable for right knee sprain and meniscus tear. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 19, 2019.

After review, we agree with the decision of the Board of Review. A preponderance of the evidence indicates Mr. Fischer suffered a right knee sprain and meniscus tear in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3